UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEFENDER SECURITY COMPANY, )
)
Plaintiff, )
)
vs. )
) No. 1:13-cv-00245-SEB-DKL
FIRST MERCURY INSURANCE )
COMPANY, )
)
Defendant. )

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is now before the Court on Defendant's Motion to Dismiss, filed on March 6, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Defender Security Company ("Defender") filed this action against Defendant, First Mercury Insurance Company ("First Mercury"), asserting claims for breach of contract and breach of the duty of good faith. Defender's Complaint alleges that it is entitled to a defense and indemnity from First Mercury in connection with a class action lawsuit filed against it in the Central District of California by lead plaintiff Kami Brown ("the *Brown* Complaint"), alleging various violations of the California Penal Code.

First Mercury seeks to have Defender's Complaint dismissed arguing that the Complaint fails to state a legally cognizable cause of action because the allegations contained in the *Brown* Complaint do not fall within the insurance policy issued to

1

Defender by First Mercury.  For the reasons detailed below, we GRANT Defendant's Motion to Dismiss.

## Factual Background

**The Underlying Lawsuit**

On July 25, 2012, Ms. Brown filed a class action complaint in California state court alleging that in May 2012 she had telephonic communications with certain employees, agents, and/or representatives of Defender that were recorded without her consent.  That action has been removed from state court and now pends in the United States District Court for the Central District of California.  The *Brown* Complaint asserts that Defender's "acts and practice violated [California] Penal Code § 632, which prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication, and Penal Code § 632.7, which prohibits the recording of any communications made from a cellular or cordless telephone without the consent of all parties to the communication."  Def.'s Ex. A (Brown Compl. ¶ 2).

The *Brown* Complaint further alleges as follows:  On May 3, 2012, Ms. Brown called the toll free telephone number for Protect Your Home printed on an advertisement for a promotional offer for ADT Security Services disseminated by Defender.  During the call with Defender, Ms. Brown "shared personal information," including her full name and zip code, but was neither informed that the call would be recorded nor did she give her consent for such a recording.  *Id.* ¶ 13.  The *Brown* Complaint further alleges that in a

2

subsequent call to Defender, Ms. Brown shared her name, address, date of birth, and social security number, and once again was neither informed that the call was being recorded nor gave permission for such a recording. *Id.* ¶ 14. According to the *Brown* Complaint, Defender used "Call Recording Technology" that enabled it "to record all of its telephonic telephone conversations with consumers, and allowed them to store these recordings for various business purposes." *Id.* ¶17. Defender's "employees, agents, and representatives were directed, trained, and instructed to, and did record inbound and outbound conversations with consumers, without the knowledge or consent of consumers." *Id.* ¶ 18. Finally, the *Brown* Complaint alleges that all class members were subjected to similar conduct because Defender "systematically recorded all inbound and/or outbound telephone conversations without warning all parties to these confidential communications that the conversations were recorded …." *Id.* ¶ 27.

**Defender's Insurance Policy**

First Mercury issued to Defender a commercial general liability policy, Number FMMI020041-3, effective July 1, 2011 to July 1, 2012 ("the Policy"). The Policy provides coverage for, *inter alia*, "Personal and Advertising Injury." The Policy provides in relevant part as follows:

**COVERAGE B: PERSONAL AND ADVERTISING INJURY LIABILITY**
    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or

> > "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. …
>
> > **b.** This insurance applies to:
> >
> > > **(1)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.
> > >
> > > **(2)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
>
> but only if the offense was committed in the "coverage territory" during the policy period.

Def.'s Exh. B (Ins. Policy) at 43.

The Policy also contains the following relevant definitions:

> **1.** "Advertising injury" means injury arising out of one or more of the following offenses:
>
> > **b.** Oral or written publication of material that violates a person's right of privacy;
> >
> > …
>
> **13.** "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:
>
> > …
> >
> > **e.** Oral or written publication of material that violates a person's right of privacy.

*Id.* at 49, 51.

The Policy includes exclusions applicable to coverage for "Personal and Advertising Injury," which provide in relevant part as follows:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a.** "Personal injury" or "advertising injury":
>
> …
>
> **(3)** Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;
>
> …

*Id.* at 43-44.

**The Instant Lawsuit**

Defender provided timely notice to First Mercury of the suit against it in the *Brown* Complaint, asserting that the underlying lawsuit falls within the "Advertising Injury" and "Personal Injury" coverage of the Policy. After receiving notice of the *Brown* Complaint, First Mercury denied defense and indemnity coverage under the Policy.

On December 2, 2013, Defender filed this action in our court alleging that First Mercury owes it a duty to defend and to indemnify Defender for the underlying *Brown* lawsuit and that First Mercury has breached the Policy by refusing to defend Defender. Defender's complaint further alleges that First Mercury's denial of coverage under the Policy constitutes a breach of its duty to exercise good faith and fair dealing with respect

to its insured. Defender also seeks a declaratory judgment that First Mercury owes a duty to defend Defender in the *Brown* lawsuit.

On March 6, 2013, First Mercury filed this motion to dismiss arguing that the allegations set forth in the *Brown* Complaint clearly fall outside the Policy's coverage, and that Defender's complaint should thus be dismissed for failure to state a claim upon which relief may be granted.

## **Legal Analysis**

### I. Standard of Review

First Mercury's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion

In an action such as this to determine whether insurance coverage and a duty to defend exist, the insured bears the initial burden of establishing that a claim is covered by the policy. If such a showing is made, the burden then shifts to the insurer to prove that an exclusion applies. *Aearo Corp. v. Am. Int'l Specialty Lines, Ins. Co.*, 676 F. Supp. 2d 738, 744 (S.D. Ind. 2009) (citation omitted). Generally, "an insurance company's duty to defend is broader than its duty to indemnify." *City of Evansville v. U.S. Fidelity and Guar. Co.*, 965 N.E.2d 92, 103 n.9 (Ind. Ct. App. 2012) (citing *Newnam Mfg., Inc. v. Transcontinental Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007)). But "where an insurer's independent investigation of the facts underlying a complaint against its insured reveals a claim patently outside of the risks covered by the policy, the insurer may properly refuse to defend." *Id.* An insurer's duty to defend is determined by examining the allegations contained in the underlying complaint "and from those facts known or ascertainable by the insurer after reasonable investigation." *Newnam*, 871 N.E.2d at 401. "If the pleadings reveal that a claim is clearly excluded under the insurance policy, then no defense is required." *Jim Barna Log Sys. Midwest, Inc. v. Gen. Cas. Ins. Co. of Wisc.*, 791 N.E.2d 816, 823 (Ind. Ct. App. 2003).

Defender alleges that the claims asserted in the *Brown* Complaint fall within the "Advertising Injury" or "Personal Injury" coverage provisions in the Policy. Under both provisions, coverage requires that the injury arise from "publication of material that violates a person's right of privacy." First Mercury maintains that the *Brown* Complaint

does not contain any allegations of "publication" of the recorded information because there is no allegation that the content of the recorded conversations was disseminated to any person or entity, either in oral or written form. Thus, Defender argues that the underlying claim clearly falls outside the "Advertising Injury" and "Personal Injury" coverage provisions.

For the underlying allegations in the *Brown* Complaint to potentially fall within the First Mercury policy, Defender must have been alleged to have published material, either orally or in written form, that violated Ms. Brown's right of privacy. Here, the only dispute between the parties is whether Ms. Brown's allegation that Defender recorded her telephone conversation in which she revealed personal information and then stored that recorded information constitutes "publication" under the terms of the policy.[1] We are not persuaded that it does.

The term "publication" is not defined in the policy. Under Indiana law, in interpreting insurance policies, "clear and unambiguous policy language must be given its plain and ordinary meaning." *Am. Family Life Assur. Co. v. Russell*, 700 N.E.2d 1174, 1177 (Ind. Ct. App. 1998) (citation omitted). While ambiguities are construed in favor of

---

[1] Ms. Brown clearly alleges in the *Brown* Complaint that she disclosed personal information during the telephone call at issue. Thus, any publication of that information would implicate Ms. Brown's right of privacy. *See Integrated Genomics, Inc. v. Gerngross*, 636 F.3d 853, 862 (7th Cir. 2011) (recognizing that the Seventh Circuit "has held that in order to violate [one's right to privacy], the publication must disclose some secret or personal information") (citing *Am. States Ins. Co. v. Capital Assocs. of Jackson County, Inc.*, 392 F.3d 939, 942-43 (7th Cir. 2004)); *see also Ace Mort. Funding, Inc. v. Travelers Indemnity Co. of Am.*, No. 1:05-cv-1631, 2008 WL 686953 (S.D. Ind. Mar. 10, 2008); *Erie Ins. Exchange v. Kevin T. Watts Inc.*, No. 1:05-cv-867, 2006 WL 3776255 (S.D. Ind. Dec. 19, 2006). We offer no opinions on California statutes, however, that may pertain to this litigation.

the insured, "failure to define terms in an insurance policy does not necessarily make it ambiguous." *Id.* Ambiguity only exists "where the provision is susceptible to more than one reasonable interpretation." *Id.*

In support of its argument that the allegations in the *Brown* Complaint allege a "publication," Defender cites the Indiana Supreme Court's decision in *Doe v. Methodist Hospital*, 690 N.E.2d 681 (Ind. 1997) in which the court, in contrasting the definitions of "publication" and "publicity," recognized that publication "can consist of communication to just one individual." *Id.* at 692 (citing Restatement (Second) of Torts § 577(1)). Defender also cites this dictionary definition of "publish": "to produce for publication or allow to be issued for distribution." MERRIAM-WEBSTER, INC., WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1837 (1981). Defender argues that the fact that the *Brown* Complaint alleges that Defender stores the recordings "for various business purposes" implies that a third party will be listening to the recordings and that they are thus being produced for distribution to at least one person.

This is at best a strained interpretation. Even accepting Defender's definitions of "publication," the allegations contained in the *Brown* Complaint clearly do not fall within its terms. As First Mercury argues, the allegation that Ms. Brown shared personal information with Defender during her call establishes at most only that *she* published information about *herself*, not that *Defender* published information about *her*. Assuming the truth of Ms. Brown's allegation that Defender utilized "Call Recording Technology" to store the recording of her telephone call likewise shows merely that Defender

maintained a record of the call, not that it communicated the content of the recording to anyone. Similarly, the allegation that Defender's employees and representatives were trained and directed to record conversations with consumers establishes only that recordings of telephone calls occurred, not that the recorded information was distributed, sold, or shared with any other individual or entity.[2]

For these reasons, we conclude that Ms. Brown's claim is excluded under the insurance policy and that First Mercury has no duty to defend Defender in the California case. Accordingly, we <u>GRANT</u> Defendant's Motion to Dismiss. Final judgment shall issue.

IT IS SO ORDERED.

Date: \_\_\_\_\_03/14/2014_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] On September 6, 2013, after the instant motion was fully briefed, Defender filed a notice of supplemental authority, pointing the Court to the decision of the United States District Court of the Southern District of Ohio in *Encore Receivable Management, Inc. v. ACE Property and Casualty Insurance Co.*, No. 1:12-cv-297, 2013 WL 3354571 (S.D. Ohio July 3, 2013). The facts underlying the dispute in *Encore* are very similar to those at issue here, to wit, *Encore* involves insurance coverage disputes relating to two underlying lawsuits about call centers allegedly recording telephone conversations without customer consent and whether or not the underlying lawsuits fell within the Personal and Advertising Injury coverage provisions of the policies at issue. The *Encore* Court held that the underlying lawsuits did fall within the coverage provisions of the insurance policies at issue even though there was no allegation that the recordings were disseminated to the public because it determined that "publication" occurred "at the very moment that the conversation is disseminated or transmitted to the recording device." 2013 WL 3354571, at *9. That decision is currently on appeal to the Sixth Circuit Court of Appeals. We are not bound by this district court decision, and because we find its analysis to be contrary to the manner in which we believe Indiana courts would decide this issue, we do not apply its reasoning here.

Distribution:

Charles P. Edwards
BARNES & THORNBURG LLP
charles.edwards@btlaw.com

Kara Cleary
BARNES & THORNBURG LLP
kara.cleary@btlaw.com

James J. Leonard, II
BARNES THORNBURG LLP
jleonard@btlaw.com

Michael R. Gregg
MERLO KANOFSKY & GREGG LTD
mrg@merlolaw.com

Rachel H. Krayer
MERLO KANOFSKY & GREGG LTD
rhk@merlolaw.com